IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01807-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

ERNEST WEST,

    Applicant,

v.

GEORGE DUNBAR, Warden, Buena Vista Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ernest West, is in the custody of the Colorado Department of Corrections and currently is incarcerated at Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. West initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 00-CR-3983 in the Denver County District Court of Colorado.

In an order entered on August 4, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 21, 2009, Respondents filed a Pre-Answer Response. Mr. West filed his Reply on September 3, 2009.

The Court must construe liberally the Application filed by Mr. West because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On November 11, 2000, Mr. West pled guilty to distribution of a controlled substance, and received a two-year deferred judgment. Pre-Answer Resp. Ex. Q at p. 7 (State Register of Actions). After several revocations of the deferred judgment and additional probation sentences, on December 21, 2001, the trial court sentenced Mr. West to four years' incarceration and five years' mandatory parole. ***Id.*** at 10. Mr. West did not file a direct appeal.

On April 22, 2002, Mr. West filed a motion for reconsideration of his sentence pursuant to Colorado Rule of Criminal Procedure 35(b). ***Id.*** The trial court denied the motion on May 14, 2002. ***Id.***

On November 10, 2003, Mr. West filed a ***pro se*** motion to withdraw his guilty plea. ***Id.*** The trial court denied the motion on November 25, 2003. ***Id.***

On July 25, 2006, Mr. West filed a ***pro se*** motion for reconsideration and pursuant to Rule 35(c). ***Id.*** at 11. The trial court denied on the motion on September 11, 2006. ***Id.***

On November 27, 2006, Mr. West filed a motion pursuant to Rule 35(c), and a motion pursuant to Rule 35(a). ***Id.*** The trial court denied both motions on March 22, 2007. ***Id.*** Mr. West appealed the denial of these motions to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on May 29, 2008. ***See People v.***

*West*, No. 07CA0730 (Colo. App. May 29, 2008) (unpublished opinion). Mr. West filed an untimely request for rehearing, which the CCA denied on January 15, 2009. Pre-Answer Resp. Ex. J. Mr. West then sought permission to file an untimely petition for certiorari review in the Colorado Supreme Court (CSC), which was granted on February 13, 2009. *Id.* at Ex. M. However, the CSC denied certiorari review on April 6, 2009. *Id.* at Ex. O. The mandate issued on April 16, 2009. *Id.* at Ex. P.

Mr. West also filed a state court habeas petition on March 16, 2009, which was denied on March 23, 2009, for lack of jurisdiction due to the pending appeal. *Id.* at Ex. Q, p. 12. He filed an appeal with the CCA, which was summarily denied on April 9, 2009. *Id.* at 13.

Mr. West then filed the instant action, which was received by the Court on July 24, 2009. In the Application, Mr. West asserts nine claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right

> asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. West's criminal case became final. The final sentence in Mr. West's case entered on December 21, 2001. Pre-Answer Resp. Ex. Q at p. 10. Because Mr. West did not file a direct appeal, the Court therefore finds that his conviction became final on February 4, 2002, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on February 5, 2002, the next business day after the conclusion of the time to appeal. *See, e.g.,* **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. West's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review

is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. West's state court action between February 5, 2002, and April 21, 2002. These **76** days are credited against the one-year statute of limitations. Mr. West filed a Rule 35(b) motion on April 22, 2002. Pre-Answer Resp. Ex. Q at p. 10. The trial court denied the motion on May 14, 2002. *Id.* Mr. West then had 45 days, or until June 28, 2002, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA. *See* Colo. App. R. 4(b). Mr. West did not file an appeal.

Therefore, the limitation period began to run again on July 1, 2002, the next business day after the conclusion of the time to appeal, and expired on April 15, 2003, the 289th day after the limitation period began to run (**76 days + 289 days = 365 days**). Because the one-year limitation period expired before Mr. West filed his next postconviction motion on November 10, 2003, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately six years and three months prior to the filing of the application on July 24, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See*

*Miller*, 141 F.3d at 978. Finally, Mr. West bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. West fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. West has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of Nov, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01807-BNB

Ernest West
Prisoner No. 111617
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk